1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW J. AMUNDSEN,

                         Petitioner,

          v.

STATE OF WASHINGTON,

                         Respondent.

CASE NO. C19-2063-JLR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se, submitted a 28 U.S.C. § 2254 habeas corpus petition.  (Dkt. 6.)  He seeks to challenge his conviction and sentencing in King County Superior Court on June 14, 2019.  However, petitioner concedes he did not appeal his conviction or pursue any post-conviction proceedings.  (*See id.*)  Petitioner maintains throughout the petition that the State of Washington lacks jurisdictional authority to decide any constitutional matters.  He states only this Court and not the State of Washington may consider his claims.  Now, having reviewed the petition, the Court recommends this matter be DISMISSED without prejudice.

A district court is charged with reviewing a habeas petition prior to directing that it be

served on respondent. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." *Id*. The Court here finds petitioner not entitled to relief.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). "In turn, the state's highest court must have disposed of each claim on the merits." *Id*.

Petitioner has not exhausted his state court remedies in relation to any claim. (Dkt. 6.) His habeas petition is premature and should be dismissed without prejudice to re-filing once he completes all state court post-conviction challenges to his conviction. 28 U.S.C. § 2254(b)-(c).

Petitioner is advised that Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. A petition or motion for collateral attack on a judgment and sentence may not be filed "more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." *Id*. Where a petitioner does not file a direct appeal,

REPORT AND RECOMMENDATION
PAGE - 2

as in this case, a conviction becomes final thirty days after the court clerk files the sentence. *See* 28 U.S.C. § 2244(d)(1) and Washington Rule of Appellate Procedure (Wash. RAP) 5.2(a). Petitioner here seeks to challenge his conviction and sentencing on June 14, 2019. *See Washington v. Amundsen*, King County Superior Court Cause Number 18-1-06258-2-SEA and 18-1-00833-2 (records portal at https://dja-prd-ecexap1.kingcounty.gov).

Petitioner is also advised that, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to federal § 2254 habeas actions. That period of limitation typically commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). However, the one-year limitations period for filing a § 2254 action is suspended, or tolled, "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In sum, and for the reasons stated above, this matter should be DISMISSED without prejudice to re-filing following exhaustion of petitioner's federal constitutional claims.[1] A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

_____

[1] Petitioner also fails to name a correct respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id.* Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. In this case, petitioner names the State of Washington as respondent. If petitioner returns to federal court after exhausting his claims, he must name the proper respondent in order to pursue habeas relief in this Court.

REPORT AND RECOMMENDATION
PAGE - 3

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on <u>**February 14, 2020**</u>.

DATED this <u>22nd</u> day of January, 2020.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4